# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **HELEN R. GOODMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06CV00068 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By:  James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*John P. Bradwell, Shortridge and Shortridge, P.C., Abingdon, Virginia, for Plaintiff; Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for Defendant.*

In this social security disability case, the Commissioner objects to the report of the magistrate judge recommending that the case be remanded for further factual development on the issue of whether the plaintiff has the residual functional capacity to perform her past relevant work as a fast food worker, one of the criteria in determining disability.    Upon de novo review, I accept the report and recommendations of the magistrate judge and remand the case for further proceedings.

I

Helen R. Goodman challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental social security ("SSI") benefits under certain provisions of the Social Security Act ("Act"), 42 U.S.C.A. §§ 423, 1381 (West 2003 & Supp. 2007). This court has jurisdiction under 42 U.S.C.A. §§ 405(g) and 1383(c)(3) (West 2003 & Supp. 2007). The action was referred to United States Magistrate Judge Pamela Meade Sargent pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2003) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Sargent filed her report on January 2, 2008. On January 18, 2008, the Commissioner filed timely written objections to the report.

II

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C.A. § 636(b)(1)(C) (West 2003); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would

accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

### III

After a careful de novo review of the record, the magistrate judge's report, and the Commissioner's objections, I find that the Commissioner's determination that the plaintiff had the residual functional capacity to perform past relevant work and his denial of benefits are not supported by substantial evidence and I remand for further development of the record.

To determine whether a plaintiff is "disabled" within the meaning of the Social Security Act, the Commissioner must consider, in sequence, whether the plaintiff: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment, making her disabled as a matter of law; (4) can return to her past work, and if not; (5) retains the capacity to perform specific jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520 (2007). With respect to step four, determining whether a plaintiff's impairment prevents her from performing past relevant work, the ALJ compares the plaintiff's

residual functional capacity with the physical and mental demands of the past work, either as the plaintiff actually performed it or as generally performed in the national economy.[1]  20 C.F.R. §§ 404.1520(f), 416.920(f), 404.1560(b), 416.960(b) (2007). If the plaintiff can still perform past relevant work, the Commissioner will find that the plaintiff is not disabled and will deny benefits. *Id.*

Binding Social Security Administration guidelines make clear that the decision as to whether the plaintiff retains the functional capacity to perform past work has "far-reaching implications and must be developed and explained fully."  Soc. Sec. Ruling 82-62, 1982 WL 31386, at *3.  Specifically, "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." *Id.*

In the present case, an administrative law judge ("ALJ") found that the plaintiff had the residual functional capacity to "perform a limited range of light work as described by Dr. [William] Humphries," one of the doctors who evaluated her.  (R.

---

[1] In making the determination of whether the plaintiff retains the capacity to perform a past job as it is generally performed in the national economy, the ALJ may not merely rely on a "broad generic, occupational classification of that job," such as "delivery job" or "packaging job."  Soc. Sec. Ruling 82-61, 1982 WL 31387, at *1-2.  Instead the ALJ should look to the "functional demands and job duties of the job as ordinarily required by employers throughout the national economy." *Id.*  The ALJ may rely upon the Dictionary of Occupational Titles to define a job as it is usually performed in the national economy. *Id.*

- 4 -

at 20.)  Based on Dr. Humphries' evaluation, the ALJ concluded that the plaintiff retained the ability to lift or carry up to twenty-five pounds occasionally and ten pounds frequently and to stand, walk or sit for six hours a day, as required for "light" work,[2] but could not perform work requiring repetitive gripping and grasping with the right hand, climbing or crawling, or exposure to heights or hazards.  (*Id.*)  Dr. Humphries's evaluation, cited by the ALJ, also identified manipulative limitations in the plaintiff's right hand, specifically, that she could use her right hand for only occasional handling, fingering, or feeling (gross and fine manipulation), and stated that the plaintiff could still use her right hand for positioning and retained good use of her entire left side.  (R. at 20-21, 266-74.)  The magistrate judge did not find that the ALJ's residual functional capacity assessment was erroneous, so the only disputed issue is whether one with this residual functional capacity can perform the physical and mental demands of the plaintiff's past work.

The plaintiff has relevant past work experience as a fast food worker.  Based on the plaintiff's description of her duties and responsibilities on her Work History Report and on information from the Dictionary of Occupational Titles ("DOT"), the ALJ determined that the job of fast food worker is semi-skilled and requires a light level of exertion.  (R. at 15-16.)  He further found that the plaintiff's past relevant

---

[2]  Light work is defined in 20 C.F.R. § 416.967(b).

work as a fast food worker "did not require the performance of work-related activities

precluded by her residual functional capacity" and, thus, the plaintiff's impairments

do not prevent her from performing this past work. (R. at 22.) However, he did not

describe any specific demands of this job or occupation. The DOT describes the

position of fast food worker as it is performed in the national economy, as follows:

> Serves customer of fast food restaurant: Requests customer
> order and depresses keys of multicounting machine to
> simultaneously record order and compute bill. Selects
> requested food items from serving or storage areas and
> assembles items on serving tray or in takeout bag. Notifies
> kitchen personnel of shortages or special orders. Serves
> cold drinks, using drink-dispensing machine, or frozen
> milk drinks or desserts, using milkshake or frozen custard
> machine. Makes and serves hot beverages, using automatic
> water heater or coffeemaker. Presses lids onto beverages
> and places beverages on serving tray or in takeout
> container. Receives payment. May cook or apportion
> french fries or perform other minor duties to prepare food,
> serve customers, or maintain orderly eating or serving
> areas.[3]

*Dictionary of Occupational Titles* ¶ 311.472-010 (4th ed. rev. 1991). In describing

her experience as a fast food worker, the plaintiff stated that she was required to use

her hands "all the time." (R. at 56-58, 61.) She also stated that she was required to

walk, stand, climb, stoop, kneel, crouch, crawl, handle or grasp large objects and

---

[3] The ALJ does not cite this section of the DOT in his decision, but does state that he
reviewed the DOT in determining the demands of a fast food worker job. (R. at 15-16.)

- 6 -

reach throughout her entire workday. (*Id.*) This employment also required the plaintiff to wash dishes and carry boxes of food (not exceeding ten pounds). (*Id.*) She indicated that she was not required to write, type, or handle small objects. (*Id.*)

Based, presumably, on this evidence and the evidence pertaining to the plaintiff's residual functional capacity, the ALJ determined that the plaintiff could perform the job of fast food worker both as it is generally performed in the national economy and as it had actually been previously performed by the plaintiff. (R. at 21.) In explaining his determination the ALJ stated:

> The evidence in this case establishes that the claimant has past relevant work as a cashier/fast food restaurant worker. Based upon the residual functional capacity, the claimant could return to her past relevant work as a fast food worker. The evidence indicates the claimant could return to this occupation as generally performed in the national economy and as previously performed by the claimant.

(R. at 21.) This decision is conclusory, at best, and does not meet the Social Security Administration's requirement of a fully developed and explained decision. It is not completely clear exactly what evidence the ALJ relied upon to reach his conclusion, nor how this evidence supports his conclusion.

Further, it does not appear that there was substantial evidence to support the ALJ's decision. With regard to the fast food worker job as it was performed by the plaintiff, the only evidence as to the plaintiff's actual duties and responsibilities are

- 7 -

her responses in her Work History Report.  The plaintiff's response that she was required to climb and crawl throughout the day is uncontroverted and inconsistent with the ALJ's finding that she could not perform work requiring repetitive climbing or crawling.  The ALJ did not explain whether he had discounted the plaintiff's answers or whether he found these consistent with his decision.  Further, the plaintiff responded that she was required to handle and grasp large objects and reach throughout the day and that she used her hands "all the time."  While this is not necessarily inconsistent with the ALJ's finding that she could not perform repetitive gripping and grasping with the right hand and could only occasionally use her right hand for gross or fine manipulation, the ALJ could have sought further evidence, by questioning the plaintiff at the hearing, to ensure that she retained the residual functional capacity to perform the specific tasks previously required in her fast food work.

The ALJ also determined that the plaintiff retained the residual functional capacity to perform the job of fast food worker as it is generally performed in the national economy.  Based on the DOT's description of the duties and responsibilities of a fast food worker in the national economy, it is unclear whether a person with the plaintiff's residual functional capacity would retain the ability to perform this type of work.  In his evaluation, which was cited by the ALJ, Dr. Humphries stated that the

- 8 -

plaintiff cannot perform repetitive gripping or grasping with her right hand and can perform acts of gross or fine manipulation, such as handling or fingering, only occasionally with her right hand, but that she retains good use of her left hand and can use her right hand for positioning. Even if the plaintiff could avoid gripping or grasping with her right hand, by using her left hand exclusively for such tasks, several of the duties listed in the DOT suggest that a fast food worker may need to handle objects with both hands simultaneously, on more than an occasional basis. Because the evidence of the plaintiff's residual functional capacity seems at odds with her ability to perform the tasks described in the DOT, I find that the ALJ's determination that the plaintiff could return to her past work as a fast food worker as generally performed in the national economy is not supported by substantial evidence.

Since there is not substantial evidence to support the Commissioner's determination that the plaintiff could engage in past relevant work, there, likewise, is not substantial evidence to support his denial of benefits.


IV

For the foregoing reasons, the objections to the report and recommendations of the magistrate judge will be overruled, the parties' motions for summary judgment

will be denied, and the case will be remanded to the Commissioner for further development of the record.  A separate judgment will be entered herewith.

DATED: March 21, 2008

/s/ JAMES P. JONES
Chief United States District Judge

Case 2:06-cv-00068-JPJ-PMS   Document 19   Filed 03/21/08   Page 10 of 10   Pageid#: 114